UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-00775-RGK-SHK | Date | December 17, 2025 |
|---|---|---|---|
| Title | *Agustin G. Valdez et al. v. Nissan North American, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion to Remand to Riverside County Superior Court [26]

## I. INTRODUCTION AND BACKGROUND

On February 7, 2025, Agustin G. Valdez and Josie P. Castro (collectively, "Plaintiffs") filed a Complaint against Nissan North America, Inc. ("Defendant") in Riverside County Superior Court asserting claims under the Song-Beverly Consumer Warranty Act. (ECF No. 1-1.) Plaintiffs' claims arise from the purchase of a 2022 Nissan Pathfinder (the "Vehicle") from Defendant.

On March 26, 2025, Defendant removed the action to this Court based on diversity jurisdiction. (ECF No. 1.) On April 2, 2025, the Court ordered Defendant to show cause that the amount in controversy requirement was satisfied for diversity jurisdiction. (ECF No. 11.) Defendant responded, arguing that the "actual" damages at issue here are approximately $57,841.59, which was based on the Retail Installment Sales Contract ("RISC") maintained in Defendant's records; civil penalties would amount to approximately $115,683.18, the two-times maximum set by law; and attorneys' fees Plaintiff's counsel would seek would be at least $5,000. (ECF No. 12.) On April 11, 2025, after the Court reviewed Defendant's response, the Court found that the estimated amount in controversy was too speculative and remanded the action to state court for lack of subject matter jurisdiction. (ECF No. 13.) More specifically, it was not apparent to the Court that Plaintiffs would be entitled to civil penalties, as they are generally only available for willful failure to comply with the Song-Beverly Act, or attorneys' fees. (*Id.* at 2.) Absent civil penalties and attorneys' fees, the Court found the amount in controversy did not exceed $75,000.

On May 23, 2025, Plaintiffs served Defendant with its Initial Disclosures, which included Plaintiffs producing the RISC, repair orders for the Subject Vehicle, and Plaintiffs' pre-litigation letter sent to Defendant, indicating that Plaintiffs "[n]o longer want[ed] the vehicle." (R. Enav Decl. ¶ 11, ECF No. 26-1.) The RISC noted that Plaintiffs paid $69,085.20 for the Vehicle, which had a mileage of 12 miles at the time of purchase. (Pls. Initial Disclosures, Ex. A at 1, ECF No. 26-7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00775-RGK-SHK | Date | December 17, 2025 |
|---|---|---|---|
| Title | *Agustin G. Valdez et al. v. Nissan North American, Inc. et al.* | | |

On September 19, 2025, Plaintiff filed with the Riverside County Superior Court and served on Defendant a Case Management Conference Statement ("CMCS"), in which they asserted that their restitution damages "are in excess of $207,255.60." (CMCS at 8, ECF No. 19-3.)

On October 17, 2025, Defendant again removed the action to this Court on the basis of diversity jurisdiction, citing to the restitution amount asserted in the CMCS as providing a reasonable and non-speculative estimate of the amount in controversy. (ECF No. 19.) On October 22, 2025, after reviewing this Notice of Removal, the Court found the diversity jurisdictions requirements were plausibly established and reopened the action. (ECF No. 23.)

On November 11, 2025, Plaintiffs filed the instant Motion to Remand to Riverside County Superior Court. For the following reasons, the Court **DENIES** the Motion.

## II. JUDICIAL STANDARD

Defendants may remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. 28 U.S.C. § 1441(a)–(b). The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

## III. DISCUSSION

In their Motion to Remand, Plaintiffs do not contest that the parties are diverse nor whether the controversy requirement is met. Rather, they argue that Defendant's second Notice of Removal was untimely because their initial disclosures served on May 23, 2025 unequivocally made the removability of the action clear and certain. Thus, by October 17, 2025, it was too late for Defendant to remove the action. Defendant disagrees, noting that Defendant relied on the same information when it first initiated removal in March 2025, but the Court found that information to be too speculative. Defendant argues the amount in controversy only became clear and nonspeculative after the CMCS was filed and served in September 2025. The Court agrees with Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00775-RGK-SHK | Date | December 17, 2025 |
|---|---|---|---|
| Title | *Agustin G. Valdez et al. v. Nissan North American, Inc. et al.* | | |

"Section 1446(b) 'identifies two thirty-day periods for removing a case.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010)). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Id.* (internal quotation marks omitted). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting § 1446(b)).

Plaintiffs' Motion "implicates the second thirty-day period which enters the picture only when, as we have concluded in this case, the original complaint does not evidence its removability." *Kuxhausen*, 707 F.3d at 1141. "Applying the 'unequivocally clear and certain' standard, an . . . other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3)." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). This standard "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen*, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotations omitted). Courts, including this Court, have found that initial disclosures and CMCS can qualify as the "other paper" in Song-Beverly actions when they set out clearly the amount in controversy. *See, e.g., Golik v. Gen. Motors LLC*, 2025 WL 3090758 (C.D. Cal. Nov. 4, 2025) (considering initial disclosures as "other paper"); *Mariscal v. Nissan N. Am., Inc.*, 2024 WL 3086016 (C.D. Cal. June 20, 2024) (considering CMCS as "other paper").

Plaintiffs aver that as of May 2025, the initial disclosure provided Defendant clear and certain notice of the amount in controversy in this action. However, as Defendant points out in its Opposition, Defendant relied on the same information in its first Notice of Removal that Plaintiffs now rely on in the instant Motion to argue that actual damages amount to approximately $57,538.56 and to speculate that Plaintiffs will be entitled to the maximum amount in civil penalties allowed under the Song Beverly Act. As the Court previously explained in its Order to Show Cause and Remand Order (ECF Nos. 11, 13), it is not apparent that Plaintiffs would be entitled to civil penalties, as penalties are generally only available for willful failure to comply with the Song Beverly Act and, even then, are not required to be included in judgment. Cal. Civ. Code § 1794(c), (e). Thus, the initial disclosures do not establish the amount in controversy for purposes of making removability "unequivocally clear and certain" under section 1446(b)(3). *See Golik*, 2025 WL 3090758, at *3 (holding initial disclosures did not trigger the second thirty-day period under section 1446(b)(3) because the other paper did not make removability unequivocally clear and certain).

In contrast, in their CMCS, Plaintiffs asserted that their restitution damages "are in excess of $207,255.60." (CMCS at 8, ECF No. 19-3.) This "other paper" makes "unequivocally clear and certain" that the controversy requirement is met to support removal on diversity grounds. *Dietrich*, 14 F.4th at

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00775-RGK-SHK | Date | December 17, 2025 |
|---|---|---|---|
| Title | *Agustin G. Valdez et al. v. Nissan North American, Inc. et al.* | | |

1095. Since Defendant filed the Notice of Removal based on this "other paper" within thirty days of Plaintiffs filing and serving the CMCS, the Notice of Removal is timely.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's removal was timely and Plaintiffs' Motion is **DENIED**.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | JRE/gz | |